CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 OCT 15  AM 10: 12

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JEFFREY TYRONE THOMAS,<br>Institutional I.D. No. 01392641, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § <br> § | Civil Action No. 1:14-CV-136-BL |
| WILLIAM STEPHENS,<br>TDCJ-CID Director, *et. al.*, | § <br> § <br> § | |
| Defendants. | § | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Plaintiff Jeffrey Thomas originally filed suit on September 2, 2014, on a form intended for Petitions for Writ of Habeas Corpus. (Doc. 1). The United States District Judge discerned that while Plaintiff potentially raised habeas-type claims, his complaints sounded more in 42 U.S.C. § 1983, so Plaintiff was sent a questionnaire under the authority of *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1971). (Doc. 14). Based on Plaintiff's responses, the District Judge construed this suit as a § 1983 civil rights suit and ordered Plaintiff to file an amended complaint specifically stating each unconstitutional act committed by each defendant Plaintiff wished to sue. (Doc. 26). Plaintiff filed an amended complaint and the District Judge reassigned Plaintiff's civil rights case to the undersigned for screening pursuant to 28 U.S.C. §§ 1915–1915A. (Doc. 36). This Court held an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), at which Plaintiff testified. (Docs. 40, 41). Considering Plaintiff's amended complaint and testimony at the *Spears* hearing, this Court determined Plaintiff had stated claims sufficient to require an answer or other responsive pleading from all defendants. (Doc. 46).

## I.

Generally, Plaintiff brings claims of mistreatment by prison staff during his time at two different prison units in the Texas Department of Criminal Justice (TDCJ), the French Robertson

Unit and the John Montford Unit. More specifically, Plaintiff alleges he first arrived at the Robertson Unit in 2010. In November 2013, Plaintiff alleges he was sexually assaulted by two TDCJ officers not named as defendants in this suit. The ensuing investigation was handled by two other TDCJ officers, Major Anthony Adcox and Captain Timothy Hooper, Defendants in this case. Adcox and Hooper conducted an interview of Plaintiff, during which Plaintiff alleges Adcox suggested the alleged sexual assault was fake, a suggestion—Plaintiff believes—meant as a pressure tactic to force Plaintiff into reneging his allegations against the two unnamed officers. Additionally, Plaintiff believes the questions in the interview became an attempt to destroy Plaintiff's credibility and entrap him. Later in November 2013, Hooper conducted a follow-up interview with Plaintiff, as is standard protocol. Plaintiff alleges Hooper told him, "If you stop filing these sexual assault allegations, we will stop giving disciplinary cases to you." That is, Plaintiff alleges that Hooper was trying to intimidate him into dropping his allegations of sexual assault, as Plaintiff alleges Adcox had done. Following the interview, Hooper adjusted Plaintiff's housing assignment in a way Plaintiff found unfavorable, an adjustment which Plaintiff believes was retaliatory in nature.

The final Robertson Unit defendant is Emily Jacobs, the facility's Unit Classification Chief. Plaintiff claims Jacobs placed Plaintiff in a cell without amenities other cells had, like a power outlet or a table to work on. Plaintiff believes the decision to place him in that particular cell was a retaliatory act by Jacobs for bringing the sexual assault allegations against the two unnamed officers.

On November 19, 2013, Plaintiff filed a prison grievance in which he expressed suicidal ideation. Robertson Unit officials attempted to send Plaintiff to a local emergency room, but Plaintiff signed a refusal of treatment form. The next day, November 20, 2013, Plaintiff was transferred to the Montford Unit psychiatric ward, where he remained for approximately three

months. During his time at Montford, Plaintiff was given a number of disciplinary cases, write-ups for various misbehaviors. At a hearing following one write-up, Plaintiff alleges Captain Robert Vaughan refused to let Plaintiff present evidence of his innocence, amounting to a violation of due process. Plaintiff alleges Vaughan did this as a retaliatory act, and Plaintiff asserts a claim of retaliation against Vaughan. On February 21, 2014, Plaintiff signed a refusal of treatment form at Montford and was returned to Robertson on February 25, 2014.

Lastly, Plaintiff alleges that all Defendants selectively enforced prison policies against him in a race-based manner, amounting to a violation of his equal protection rights.

## II.

In an *in forma pauperis* prisoner civil rights action against a governmental entity, officer, or employee, the Court is required under 28 U.S.C. §§ 1915–1915A to dismiss the complaint or any portion of the complaint which is frivolous or malicious or fails to state a claim upon which relief may be granted. *See Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997) (internal quotation marks omitted); *accord Neitzke v. Williams,* 490 U.S. 319, 327 (1989). "A complaint is factually frivolous when the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Harris,* 198 F.3d at 156 (internal quotation marks and citations omitted).

"The elements of a claim under a retaliation theory are the plaintiff's invocation of a 'specific constitutional right,' the defendant's intent to retaliate against the plaintiff for his or her exercise of that right, a retaliatory adverse act, and causation, *i.e.*, 'but for the retaliatory motive the complained of incident would not have occurred.'" *See Johnson v. Rodriguez,* 110 F.3d 299, 314 (5th Cir. 1997) (quoting *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995)). "This places a

significant burden on the inmate. . . . The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Woods*, 60 F.3d at 1166 (internal quotation marks and citations omitted).

"The Equal Protection Clause directs that persons similarly situated should be treated alike." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Id.* (citation and internal quotation marks omitted); *see also Boyd v. Stalder*, 273 F.3d 1094 (5th Cir. 2001).

"Neither habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the law of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (internal quotation marks omitted). "[A] prisoner has a liberty interest only in freedoms from restraint imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* (internal quotation marks and emphasis omitted). A grievance process that implicates the length of Plaintiff's confinement might implicate a constitutionally protected liberty interest to which he is entitled due process. *See generally Orellana*, 65 F.3d at 31–32.

### III.

After reviewing Plaintiff's amended complaint, his testimony from the *Spears* hearing, and the administrative record, the Court concludes Plaintiff has stated a "chronology of events from which retaliation may plausibly be inferred" as to all Defendants. Plaintiff testified to a united front among TDCJ employees against Plaintiff after Plaintiff accused two TDCJ employees of sexually assaulting him. Plaintiff testified that numerous individuals, both named defendants and unnamed prison employees, stated or intimated to him that if he would stop filing sexual assault allegations

against them, and rescind his pending allegations, they would cease filing disciplinary write-ups against him.

Further, the Court concludes Plaintiff has stated sufficient allegations that may constitute an arguable equal protection claim. Plaintiff alleges the same unified front of prison officers who retaliated against him for bringing sexual assault claims against two of their own discriminated against him based on his race. Plaintiff alleges repeated and sustained occurrences of such. This is sufficient to require a response from the Defendants.

Finally, the Court concludes that Plaintiff has alleged facts sufficient to raise a claim of violation of his due process rights. Arguably, he was exercising a constitutionally protected liberty interest and was denied due process in same. Plaintiff's allegations here require a response from the Defendants.

Accordingly, on August 21, 2015, this Court ordered Defendants to enter an appearance and file an answer or other responsive pleading. (Doc. 46). On September 14, 2015, Defendants Hooper, Jacobs, and Vaughan filed an answer. (Doc. 54). On the same day, the Attorney General filed notice that Defendant Stephens had not been properly served; the Attorney General further advised the Court that Defendant Adcox no longer was employed by TDCJ and must be served with process at his personal address. The Attorney General requested that Adcox's personal address be sealed pursuant to Texas Civil Practices and Remedies Code § 30.010(a) and Texas Government Code § 552.352. The Court granted the Motion to Seal, and reissued proper summons to Adcox and Williams. (Docs. 60, 61, 63). Neither Williams nor Adcox have made an appearance.

## IV.

In light of the foregoing, **IT IS RECOMMENDED** that Defendants Adcox and Williams be required to file an answer or other responsive pleading in this case, that it may be determined whether Plaintiff's claims can proceed under the law.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

**SO ORDERED**.

Dated October ___/J___, 2015.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE