IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JEFFREY TYRONE THOMAS, TDCJ ID-No. 1392641, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:14-CV-136-C |
| WILLIAM STEPHENS, Director, TDCJ-CID, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER REGARDING REPORT AND RECOMMENDATION AND PENDING MOTIONS

Plaintiff, Jeffrey Thomas, acting *pro se* and *in forma pauperis*, proceeds in this action under an amended complaint seeking relief under 42 U.S.C. § 1983. Pending before the Court are a Report and Recommendation of the United States Magistrate Judge and several motions.

I.  **Report and Recommendation**

In the amended complaint, Plaintiff Thomas named as defendants TDCJ-ID Director William Stephens, Major Anthony Adcox, Captain Timothy Hooper, Captain Robert Vaughan, and Unit Classification Chief Emily Jacobs, naming them in their individual and official capacities. After reviewing the amended complaint and holding a *Spears* hearing, the magistrate judge entered an order directing all defendants to enter an appearance and file an answer or other pleading. Defendants Hooper, Jacobs, and Vaughan filed an answer on September 14, 2015. After the Office of the Attorney General filed a notice regarding issues related to ineffective service upon defendants William Stephens and Anthony Adcox, the magistrate judge entered a

Report and Recommendation on October 15, 2015, recommending that these defendants be required to file an answer. That same day, however, Defendants William Stephens and Anthony Adcox, through the Attorney General, filed an answer. As such, the Report and Recommendation must be dismissed as moot.

## II.  Motions for Appointment of Counsel

Now pending before the Court are three separate motions filed by Plaintiff seeking appointment of counsel.

"A civil rights complainant has no right to the automatic appointment of counsel," and appointment of counsel is warranted only in exceptional circumstances. *Akasike v. Fitzpatrick*, 26 F. 3d 510, 512 (5th Cir. 1994). Although 28 U.S.C. § 1915(e)(1) provides that a court "may request an attorney to represent any person unable to afford counsel," the courts are not empowered to make compulsory appointments in civil actions. *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 196, 302-02 (1989).

In making a determination as to whether to appoint counsel in a § 1983 case, the Court may base its decision on several factors, including:

1. the type and complexity of the case;

2. the plaintiff's ability to present and investigate his case;

3. the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and

4. the likelihood that appointment will benefit the plaintiff, the court, and the defendants by "shortening the trial and assisting in just determination."

2

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (citing *Murphy v, Kellar*, 950 F.2d 290, 293 n.14 (5th Cir. 1992) (quoting *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th cir. 1991))).

After review and consideration of the motions under the exceptional circumstances standard and the enumerated factors, the Court concludes that the motions for counsel must be denied at this time. The Court has reviewed Plaintiff's pleadings and finds that Plaintiff has not shown an inability to set forth his claims for relief or that extraordinary circumstances are involved that would justify the appointment of counsel at this stage of the case. There is nothing in the record to indicate that Plaintiff is not able to present his case at this time. The mere fact that he is currently incarcerated or proceeding *pro se* is insufficient to demonstrate the "extraordinary circumstances" required to justify appointment of counsel. If the case proceeds to trial, the Court may on its own motion reconsider whether the circumstances warrant appointing counsel at that time.

### III. Plaintiff's Filing of a Copy of Sample Request for Production

Plaintiff has also filed a document entitled "Sample Request for Production of Documents." The Federal Rules of Civil Procedure require service of discovery on parties, not the filing of discovery with the Court, absent a motion with respect to disputes arising therefrom. Thus, this document must be dismissed as improperly filed with the Court.

### IV. Defendants' Motion to Stay Scheduling Order

On February 2, 2016, Defendants filed a Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c). The Defendants accompanied that motion with a Motion to Stay the Future Deadlines in the Court's Scheduling Order issued on December 3,

3

2015. Plaintiff has not responded to this motion. After review and consideration, the Court finds that the motion to stay should be denied; however, the deadline for filing pretrial motions, including motions for summary judgment but excluding motions to join other parties and amend the pleadings, is extended to 3:00 p.m. on September 3, 2016, with any response due no later than 3:00 p.m. on October 3, 2016, and the deadline for completing discovery is extended to 3:00 p.m. on August 2, 2016.

### V. Extension of Time for Plaintiff to File Response to Defendants' Rule 12(c) Motion

To the extent the Court has denied several motions seeking appointment of counsel, including one filed after the service on Plaintiff of the Defendants' motion seeking judgment on the pleadings under Rule 12(c), the court will *sua sponte* extend the time for Plaintiff to file a response to the Defendants' Rule 12(c) motion.

### VI. Conclusion

It is therefore **ORDERED** that the October 15, 2015 Report and Recommendation of the United States Magistrate Judge is **DISMISSED** as Moot.

It is further **ORDERED** that Plaintiff's motions for appointment of counsel are **DENIED.**

It is further **ORDERED** that Plaintiff's filing of a copy of a Sample Request for Production of Documents is **DISMISSED** as improvidently filed with the Court.

It is further **ORDERED** that Defendant's Motion to Stay Scheduling Order is **DENIED**; however, the deadline for filing pretrial motions, including motions for summary judgment but excluding motions to join other parties and amend the pleadings, is extended to 3:00 p.m. on

September 3, 2016, with any response due no later than 3:00 p.m. on October 3, 2016, and the deadline for completing discovery is extended to 3:00 p.m. on August 2, 2016.

It is further **ORDERED** that Plaintiff's time to file a response to the Defendants' Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c) is extended to **April 11, 2016.**

**SO ORDERED.**

Signed March _11_, 2016.

_____
SAM R. CUMMINGS
Senior United States District Judge